IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20855-JLK

CLAUDIO MARCELO ROJAS,

    Plaintiff-Petitioner,

v.

MARC J. MOORE, Field Office Director,
Miami, Filed Office, Immigration and
Customs Enforcement; LIANA J. CASTANO,
Assistant Filed Office Director, Miami Field
Office, Immigration and Customs
Enforcement; MITCHELL DIAZ, Assistant
Filed Office Director, Miami Field Office,
Immigration and Customs Enforcement;
JUAN ACOSTA, Officer in Charge, Krome
Service Processing Center, immigration and
Customs Enforcement; KIRSTEN NIELSEN,
Secretary of Homeland Security; WILLIAM
BAR, Attorney General; and the U.S.
Department of Homeland Security.

    Defendants-Respondents.

_____ /

## ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF REMOVAL AND/OR TEMPORARY RESTRAINING ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Stay of Removal and/or Temporary Restraining Order (the "Motion") (DE 4), filed March 5, 2019. On March 6. 2019, the Court held a hearing on the Motion and instructed the parties to submit memorandums outlining their respective positions. The Plaintiff filed his brief (DE 14) on March 14, 2019, to which the Government responded (DE 19) on March 25, 2019.[1]

---

[1] The Government's response was filed under seal.

1

Accordingly, this matter is ripe for ruling. After conducting a hearing on the Motion and careful review of the parties' briefs, the Court finds that a temporary restraining order should not be issued.

The Plaintiff moves for a temporary order enjoining the Defendants-Respondents from enforcing his order of removal. In support, the Plaintiff argues that he has resided in the United States for nearly 20 years. The Plaintiff has been an outspoken critic of the U.S.'s immigration detention policies. In 2010, the Plaintiff was placed in removal proceedings. He was ordered to depart voluntarily but remained in the U.S. because of his wife's failing eyesight. The Plaintiff was then apprehended in 2012 and detained pursuant to the final order of removal entered against him as a consequence of his failure to voluntarily depart in September 2010. On August 31, 2012, the Plaintiff was released on an "Order of Supervision." In September 2013, ICE granted the Plaintiff an administrative stay of removal.

Since then, the Plaintiff has lived in the United States under the Order of Supervision. The Plaintiff claims that following the debut of the film *The Infiltrators* at the Sundance Film Festival, which depicts the Plaintiff's activism, he was seized by ICE on February 27, 2019, when he reported for a scheduled appointment. The Plaintiff argues that he was not given any prior notice, warning or meaningful opportunity to challenge his detention or deportation. The Plaintiff claims that ICE has taken these actions as a result of his activism and that if he is deported, he will be ineligible for a "T Visa" based on the labor trafficking that he allegedly experienced at the hands of his former employer.

In their brief, the Government counters that the Plaintiff's stay of removal should be denied because in seeking an injunction to prevent the execution of his removal order, he is making a legal attack on the lawfulness of that order and that this Court lacks jurisdiction to

2

consider the same. Moreover, the government argues that no T-visa applicant has a constitutionally-protected liberty interest in remaining the United States upon the filing of a T-visa application. The Court agrees.

Motions for stays/temporary restraining orders are governed by a four-factor test. Courts consider whether petitioners have shown: (1) a likelihood of success on the merits, (2) that they are likely to suffer irreparable harm in the absence of such relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Nken v. Holder*, 556 U.S. 418, 421 (2009). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985) (citations omitted).

The Plaintiff asked for and received a grant of voluntary departure. He was given until September 24, 2010 to voluntarily depart. In 2012, the Plaintiff sought reopening of his removal proceedings by filing a motion with the immigration judge, which was denied. Thereafter, on November 27, 2012, the BIA dismissed his appeal, finding that it had no basis upon which to grant a reopening. At that time the Plaintiff could have sought judicial review before the Eleventh Circuit of the order denying a reopening of his order of removal, but chose not to do so. This Court lacks subject matter jurisdiction to review the denial of the Plaintiff's motion to reopen because the Immigration and Nationality Act provides that judicial review of the denial of a motion to reopen shall occur solely at the Court of Appeals. *Zhang v. U.S. Atty General*, 572 F.3d 1316, 1319 (11th Cir. 2009). In the absence of subject matter jurisdiction, this Court lacks the power to grant injunctive relief. *Majd-Pour v. Georgiana Comm. Hosp.*, 724 F.2d 901 (11th Cir. 1984).

3

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Temporary Restraining Order **(DE4)** be, and the same is, hereby **DENIED**.

**DONE AND ORDERED** at James Lawrence King Federal Building, Miami, Florida this 26th day of March, 2019.

*[signature]*

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record