UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-CV-20855-JLK

CLAUDIO MARCELO ROJAS,

    Plaintiff/Petitioner,

v.

MARC J. MOORE, Field Office Director,
Miami Field Office, Immigration and
Customs Enforcement, et al.,

    Defendants/Respondents.
_____/

## FINAL ORDER OF DISMISSAL FOR LACK OF JURISDICTION

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") (D.E. 32-1), filed April 8, 2019. The Court has also considered Plaintiff's Response in Opposition (D.E. 34), filed April 12, 2019; and Defendants' Reply (D.E. 35), filed April 17, 2019.

As background, on March 5, 2019, Plaintiff filed his initial Verified Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus (D.E. 1). On March 26, 2019, the Court denied Plaintiff's Motion for Stay of Removal and/or Temporary Restraining Order (D.E. 20), holding that it lacks subject matter jurisdiction, where Plaintiff received a grant of voluntary departure in 2010 (*id.* at 3). That same day, Plaintiff appealed (D.E. 24); and on April 1, 2019, the Eleventh Circuit dismissed the appeal *sua sponte* for lack of jurisdiction under 8 U.S.C. § 1252(g) (*see* D.E. 28), which provision states that "no court shall have jurisdiction to hear any case or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien."

Defendants now assert that Plaintiff's operative complaint (D.E. 15), which requests only declaratory and injunctive relief (*id.* at 57–58), no longer presents a live case or controversy under Article III of the Constitution (*i.e.*, it is moot) where the U.S. Immigration and Customs Enforcement ("ICE") executed Plaintiff's order of removal (D.E. 32-1, at 2–3). Defendants attach to the Motion an executed Warrant of Removal/Deportation as to Claudio Marcelo Rojas dated February 27, 2019 (*id.* at 12–14).

In response, Plaintiff "respectfully maintains his previously-briefed position that the Court has jurisdiction over his constitutional and statutory challenges related to his retaliatory deportation and deprivation of an opportunity to pursue his T nonimmigrant visa status"[1] (D.E. 34, at 3). Moreover, Plaintiff argues that the Court still has jurisdiction over "his challenges to the revocation of the order of supervised release and the deprivation of his rights to orderly departure . . . [which] may still be remedied" (*id.* at 4). Specifically, Plaintiff claims he was denied "an opportunity to be heard with respect to the revocation of supervised release . . . nor was he provided . . . the ability to get one's affairs in order and say goodbye to one's family" prior to departure (*id.* at 4), and he suggests that as a remedy the Court could "order Defendants[] to return Mr. Rojas to the U.S." (*id.* at 5).

In their Reply, Defendants argue that Plaintiff's claims that pertain to *how* he was taken into custody and *how* he was removed are also now moot, citing to *Al Najjar v. Ashcroft*, 273 F.3d 1330 (11th Cir. 2001) (per curiam) (D.E. 35, at 1–2), which reasoned:

> [T]he government has the plain and unmistakable power to detain Al Najjar in order to execute the [Board of Immigration Appeals's] deportation order . . . [Therefore,] it is utterly unnecessary to take up the question addressed by the district court—whether classified information can be used to deny bond in a pre-final order detention hearing. In fact, the "case or controversy" requirement of

---

[1] The T-visa is a temporary status for victims of human trafficking.

2

> Article III unambiguously *forbids* us from considering the question in the absence of a live dispute. Any opinion on the matter would be purely advisory.

*Al Najjar*, 257 F.3d at 1338–39. Defendants argue that, even if Plaintiff could establish a violation occurred, ordering his release from ICE custody is no longer an available remedy, nor is ordering his return to the United States an appropriate remedy for his detention claims or other claims which "had no impact on the lawfulness of his removal" (*id.* at 7). The Court agrees.

When Plaintiff was deported, his claims requesting an opportunity to be heard regarding revocation of the order of supervised release and asking for an "orderly departure" ceased being redressable by this Court, depriving the Court of a live case or controversy to adjudicate. Therefore, the Court now lacks jurisdiction over all of Plaintiff's claims; equally, the Court is forbidden by Article III from addressing the claims in an advisory capacity, *Al Najjar*, 257 F.3d at 1338–39.

Accordingly, and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that the above-styled case is hereby **DISMISSED for lack of jurisdiction**. The Clerk shall **CLOSE** this case and **DENY as moot** all pending motions.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 29th day of April, 2019.

> /s/ James Lawrence King
> JAMES LAWRENCE KING
> UNITED STATES DISTRICT JUDGE
> SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record